IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leila Mae Yates, ) | C/A No. 0:10-305-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

  This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 DSC and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff, Leila Mae Yates ("Yates"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

**ADMINISTRATIVE PROCEEDINGS**

  In July 2006, Yates applied for SSI and DIB. Yates's applications were denied initially and on reconsideration and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on April 8, 2009 at which Yates appeared and testified and was represented by Jason Sturkie, Esquire. A supplemental hearing was held on July 16, 2009 at which time the ALJ

*PJG*

heard testimony from a medical expert and a vocational expert. Following the hearings, the ALJ issued a decision dated September 21, 2009 finding that Yates was not disabled. (Tr. 13-26.)

Yates was born in 1955 and was 50 years old on the alleged disability onset date. (Tr. 25, 163, 168.) She has a high school education and past relevant work experience as a poultry vaccinator and packer. (Tr. 191, 194.) Yates alleges disability since November 19, 2005—the date she was involved in a motor vehicle accident—due to a bad back and neck, a swollen left foot, and nerve damage. (Tr. 190.)

The ALJ made the following findings and conclusions:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since November 19, 2005, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar and cervical spines, degenerative joint disease, fibromyalgia, headaches and carpal tunnel syndrome (20 CFR 404.1520(c) and 416.920(c)).
   \* \* \*
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
   \* \* \*
5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with the following restrictions: lifting and/or carrying 50 pounds occasionally and 25 pounds frequently; sitting, standing and/or walking 6 hours in an 8-hour workday; occasionally climbing ramps and stairs; occasionally balancing, stooping, kneeling, crouching or crawling; never climbing ladders, ropes or scaffolds; and considering her history of pain and vertigo avoiding exposure to heights.
   \* \* \*
6. The claimant is capable of performing past relevant work as a poultry vaccinator [DOT #411.684-014] in which she performed unskilled duties



> requiring medium exertional demands. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> \* \* \*
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from November 19, 2005, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 15-26.)

On January 13, 2010, the Appeals Council denied Yates's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-4.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1)  whether the claimant is engaged in substantial gainful activity;

(2)  whether the claimant has a "severe" impairment;

(3)  whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)  whether the claimant can perform [her] past relevant work; and

(5)  whether the claimant's impairments prevent [her] from doing any other kind of work.



20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d



at 589.  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."  Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775.

## ISSUES

Yates argues that the ALJ erred in his determination that Yates has the residual functional capacity ("RFC") to perform medium work in that the ALJ did not properly consider Yates's testimony, the opinion of Yates's treating physician, and the objective medical evidence.

## DISCUSSION

**A.     Yates's Credibility**

In evaluating subjective complaints, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process."  Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996).  In this matter only the second step is at issue,[1] during which the ALJ must expressly consider "the intensity and persistence of the claimant's pain [or other symptoms] and the extent to which it affects her ability to work."  Id.  In making this determination, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  SSR 96-7p.  "[A]llegations concerning the

---

[1] The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged."  Craig, 76 F.3d at 594 (internal quotation omitted).



intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." Craig, 76 F.3d at 595.  A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges she suffers." Id.  The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

(i)    Your daily activities;
(ii)   The location, duration, frequency, and intensity of your pain or other symptoms;
(iii)  Precipitating and aggravating factors;
(iv)   The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
(v)    Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
(vi)   Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii)  Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

During the first hearing, Yates testified to severe functional limitations, including chronic pain and extreme inactivity. For example, Yates rated her back pain as "above 10" on a scale of 1 to 10, with 10 being excruciatingly severe pain. (Tr. 67.)  She testified that her pain precluded her from working and that she had to go to the hospital every two or three months in order to get pain



medication. (Tr. 67.) She testified that standing aggravated her pain and that she needed to lie down for 18-20 hours a day. (Tr. 68-70.) Yates further described pain due to migraines which she said was not alleviated by medication, as well as carpal tunnel syndrome in her right hand, and anxiety that caused her to hyperventilate, cry, and have difficulty concentrating. (Tr. 72-76.) She testified that she had difficulty bending, stooping, and kneeling and that she had not been prescribed a cane, crutch, or wheelchair. (Tr. 70-71, 91.)

With regard to her daily activities, Yates reported that she could sit, walk, or stand for 5 to 10 minutes at a time. (Tr. 68-69.) Yates stated that she swept, made her bed, went grocery shopping, vacuumed, dusted, mopped, and washed and folded laundry. (Tr. 84-85.) She testified that she drove to the drugstore once a month and went to church almost every Sunday. (Tr. 83, 88.) She also stated that she could use an ATM, pay her bills, and write checks. (Tr. 85-86.)

In this case, the ALJ found that Yates's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [] residual functional capacity assessment." (Tr. 18.) In reaching this conclusion, the ALJ expressly considered several factors in discounting the credibility of Yates's subjective complaints. The ALJ first discussed Yates's daily activities, as summarized above, and concluded that "[t]hose activities all suggest a capacity for attention and concentration without restriction or constriction due to pain." (Tr. 19.) Next, the ALJ discussed the medical evidence presented, finding that "[d]iagnostic studies, including MRI studies, a CT and x-rays, have not shown significantly more than mild or negative findings." (Tr. 23.) He further stated that "[t]he detailed findings described by several physicians, including the March 2007 consultative examiner, clearly do not support her allegations. The clinical picture reflected in these records shows quite limited objective findings to support the degree of



limitations asserted by the claimant." (Id.) Additionally, the ALJ noted multiple discrepancies in Yates's testimony. For example, although Yates testified that she was told by her doctors that nothing could be done for her headaches, the ALJ noted that medical records indicated that she had been taking two different medications which helped with the problem. (Tr. 23.) He also found that although Yates claimed she became disabled in November 2005, she reported to Dr. C.P. Dunbar during a consultative examination that she stopped working on July 7, 2006. (Tr. 23, 277.)

Yates appears to argue that the ALJ discounted Yates's testimony when determining that she had the RFC to perform medium work, but provides little to no support for this argument. Upon a thorough review of the record as a whole, the court finds that the ALJ did not err in conducting his analysis in determining the credibility of Yates's subjective complaints. See Craig, 76 F.3d at 595. To the extent that Yates may attempt to rely on selective medical evidence in the record in support of her argument, such evidence does not render the ALJ's decision unsupported. In determining that Yates's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible, the ALJ considered Yates's subjective complaints in conjunction with her abilities to perform daily activities, the medical evidence, and the other evidence of record. Accordingly, Yates has failed to demonstrate that the ALJ erred in finding that Yates's subjective complaints are inconsistent with the record. See Hines v. Barnhart, 453 F.3d 559, 565 n.3 (4th Cir. 2006) (noting that a claimant's allegations "need not be accepted to the extent that they are inconsistent with available evidence"); Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) ( "The only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life."); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) (*per curiam*) (finding that the ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence



of record in evaluating the credibility of the plaintiff's subjective complaints); Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (noting that "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling"). Moreover, the court may not substitute its judgment for the ALJ's. See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence). Based on the record as a whole, the court cannot say that the ALJ's determination as to Yates's credibility is not supported by substantial evidence.

**B.    Treating Physician**

Yates also argues that, when determining her residual functional capacity ("RFC"), the ALJ erred in rejecting the opinion provided by Yates's treating physician, Dr. Gurdon W. Counts. Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. § 416.927(d)(2). However, "the rule does not require that the testimony be given controlling weight." Hunter, 993 F.2d at 35. Rather, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). In the face of "persuasive contrary

evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

With regard to Dr. Counts, the ALJ discussed a "Physical Capacities/Limitations Examination" form dated February 6, 2008 in which Dr. Counts opined that Yates could stand 3 hours in an 8-hour workday, had a maximum lifting capacity of 5 to 7.5 pounds, was at maximum medical improvement with a 70% disability, and was capable of performing sedentary work. (Tr. 22, 386-87.) The ALJ afforded Dr. Count's opinion little weight "because the form containing the opinion fails to note any objective medical findings, clinical evidence of signs and symptoms, or diagnostic studies to support the opinion." (Tr. 22.) Further, the ALJ found that Dr. Count's opinion was inconsistent with his own treatment notes. For example, Dr. Count's treatment notes show that Yates was seen for back pain on January 23, 2006 and that she had subjective tenderness in the thoracic and cervical spines with no spasms or changes; that she was seen on March 3, 2006 for back pain but told Dr. Counts that she was feeling better with not as much pain; and that she was seen April 3, 2006 because she needed an excuse for work due to a fall but that Dr. Counts noted she had a good range of motion in her back. (Tr. 22-23, 269-70.) Dr. Counts referred Yates to Dr. Robert DaSilva for a consultation on March 17, 2008. Dr. DaSilva opined that Yates had degenerative changes to her spine but no structure abnormalities and concluded that her pain was out of proportion to radiographic findings. (Tr. 21, 23, 436.) Dr. DaSilva also recommended "conservative care, pain management maybe, and no orthopaedic treatment necessary." (Tr. 436.) The ALJ found that these treatment notes "[did] not reveal greater than minimal strength deficits, and [did] not show persisting sign of circulatory compromise, neurological deficits, muscle spasms, fasciculations, fibrillations,

or muscle atrophy, or dystrophy that are often associated with long-standing, severe or intense pain." (Tr. 23.)

Yates has failed to show that the ALJ erred in finding that Dr. Count's opinion is not supported by medical evidence. See Craig, 76 F.3d at 590 (holding that an ALJ properly rejected a treating physician's assessment when it was not supported by his own treatment notes); see also Dixon v. Massanari, 270 F.3d 1171, 1178 (7th Cir. 2001) ("An ALJ may properly reject a doctor's opinion if it appears to be based on a claimant's exaggerated subjective allegations."). Accordingly, the court finds that Yates has failed to demonstrate that the ALJ's evaluation of Dr. Count's opinion was unsupported by substantial evidence or reached through the application of an incorrect legal standard.[2]

## ORDER

Based upon the foregoing, the court finds that Yates has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. Therefore, it is hereby

**ORDERED** that the Commissioner's decision be affirmed.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 6, 2011
Columbia, South Carolina

---

[2] To the extent that Yates's Brief includes any other issues or argument, the court finds that these are without merit or support.